[Cite as *State v. Moon*, 2013-Ohio-5054.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                :

    Plaintiff-Appellee                    :                    C.A. CASE NO.    25527

v.                                           :                    T.C. NO.    12CR240

BEVERLY D. MOON                              :                    (Criminal appeal from
                                          Common Pleas Court)

    Defendant-Appellant                   :

                                            :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___15th___ day of _____November_____, 2013.

· · · · · · · · · ·

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, Talbott Tower, Suite 1210, 131 N. Ludlow Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

· · · · · · · · · ·

GALLAGHER, J. (by assignment)

{¶ 1}    Beverly Moon appeals her conviction which was entered in the

Montgomery County Court of Common Pleas. For the following reasons, we affirm.

**{¶ 2}** A true bill indictment was returned against Moon charging her with robbery in violation of R.C. 2911.02(A)(1). Appellant pled not guilty and the case proceeded to a jury trial where the following facts were presented:

**{¶ 3}** On January 23, 2012, Deborah Nelson was working as an asset protection associate for the Wal-Mart store in Moraine, Ohio. While conducting store surveillance with the store's camera system, Nelson observed a shopper, whom she later identified as Moon, remove a clearance sticker from one item and place it onto another item in her cart that was a full priced item. Nelson continued to monitor Moon's shopping within the store.

**{¶ 4}** After concluding her shopping, Moon proceeded to a self-scanning register and began to check out. Nelson explained that at a self-scanning register, the customer scans the bar code of an item, the register produces an audible beep and the customer then places that item into a bag. Through the video surveillance system, Nelson observed Moon place two packages of hefty plates in her bag despite the fact that she scanned only one. Nelson also observed Moon repeatedly scanning one bra with a reduced price but placing different bras with higher prices in her bag after each scan.

**{¶ 5}** Nelson described Moon's self-scan register activity as "under ringing" which she defined as placing items in the check-out bag that weren't paid for at the proper price. Nelson observed Moon bag all of the items that she had scanned and some items that she had not scanned.[1] Nelson confronted Moon as she passed the last point of sale towards the exit. At Nelson's request, Moon accompanied her to the store security office where

---

[1] Moon discarded the item upon which she had affixed an incorrect clearance sticker.

Nelson compared the items in Moon's bags to her receipt. Nelson also had a training receipt prepared which included the actual contents of Moon's bags. The training ticket reflected a discrepancy between Moon's receipt and the items in her bag in the amount of $32.31.

{¶ 6}    Nelson contacted the City of Moraine police who responded to the scene. Moon was arrested after the police spoke with Nelson and determined that she was carrying a concealed weapon, to-wit: a loaded .38 caliber revolver. Police found, subsequent to the arrest, five additional rounds on Moon's person.

{¶ 7}    At the conclusion of the state's evidence, appellant made a motion for acquittal, pursuant to Criminal Rule 29, which the trial court denied. The jury returned a verdict finding Moon guilty of robbery. At sentencing, the trial court imposed community control sanctions including basic probation supervision for a period not to exceed five years. This appeal followed.

{¶ 8}    In her sole assignment of error, Moon argues that the state failed to present sufficient evidence to support her conviction for robbery and that the jury's verdict was against the manifest weight of the evidence.

{¶ 9}    A sufficiency argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Cherry*, 171 Ohio App.3d 375, 2007-Ohio-2133, 870 N.E.2d 808, ¶ 9 (2d Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

The proper test to apply to the inquiry is the one set forth in paragraph two of

the syllabus of *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

*Cherry* at ¶ 9.

{¶ 10} In the case before us Moon was alleged to have committed a violation of R.C. 2911.02(A)(1), which provides as follows:

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control;

{¶ 11} Moon does not dispute that she had a deadly weapon on her person at the time of the incident. Instead, Moon argues that the state has failed to present sufficient evidence of a theft offense. R.C. 2913.01(K) defines a "theft offense" to include a violation or attempted violation of a number of revised code sections including R.C. 2913.02, which provides in relevant part:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in

any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

**{¶ 12}** In addition to the testimony of Deborah Nelson regarding her observations of Moon via the surveillance cameras, her examination of the contents of the bags Moon attempted to exit the store with and her calculation of the theft amount, the state presented the Wal-Mart surveillance recording of the incident. The surveillance video supported Nelson's account of Moon's activity at the check-out register and further showed Moon putting an item through the scanner with its tag up so that it could not be scanned. Finally, Nelson testified that Moon did not have permission to remove merchandise without paying for it. We find that the state presented sufficient evidence that Moon committed a theft offense in attempting to purposely deprive Wal-mart of goods in the amount of $32.31.

**{¶ 13}** Moon further argues that the jury's verdict was against the manifest weight of the evidence. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684 (Aug. 22, 1997).

**{¶ 14}** This court will not substitute its judgment for that of the trier of facts on the

issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997).

{¶ 15}     Although Moon testified on her own behalf and attempted to attribute her actions at the self-scanning register to confusion and mistake, the jury was free to find Nelson the more credible witness.   Most importantly, the jury did not have to rely upon the interpretations of events presented by either witness as the jury was able to view the same surveillance video that Nelson had viewed and to make its own judgment of Moon's actions.  In light of the evidence presented at trial, we cannot say that the finder of fact clearly lost its way in finding appellant guilty of robbery.

{¶ 16}     Appellant's sole assignment of error is overruled.

{¶ 17}     The judgment of the trial court is affirmed.

. . . . . . . . .

FAIN, P.J. and HALL, J., concur.

(Hon. Eileen A. Gallagher, Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

April F. Campbell
Jeffrey T. Gramza
Hon. Barbara P. Gorman